```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAWN WEBB-PAYNE,

                    Plaintiff,

        -against-                      MEMORANDUM AND ORDER
                                       10-CV-5121 (JS)(WDW)
FIELD PAROLE OFFICER A. SMITH,
SR. FIELD PAROLE OFFICER, PAROLE
REGIONAL DIRECTOR, PAROLE FIELD
OPERATION DIRECTOR, COMMISSIONER
OF N.Y.S. DIVISION OF PAROLE,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Shawn Webb-Payne, Pro Se
                    # 94-A-7526
                    Groveland Correctional Facility
                    P.O. Box 50
                    Sonyea, NY 14556-0050

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is the Complaint of incarcerated pro se plaintiff Shawn Webb-Payne ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. For the reasons that follow, the application to proceed in forma pauperis is granted but the Complaint is sua sponte dismissed with prejudice with regard to Plaintiff's federal claims and without prejudice as to his state law claim. Plaintiff may pursue his state law claims in state court.

## BACKGROUND

Plaintiff's sparse Complaint appears to allege that he

has been incarcerated improperly since September 5, 2008. According to the Complaint, on November 7, 2007, Plaintiff entered a guilty plea with regard to a charge of intoxication in violation of his parole and was sentenced to a 12-month "parole hold." (Compl. at ¶ II(D)). Plaintiff alleges that, on June 27, 2008, his papers were reviewed by the Parole Board, and his request for parole was granted with a scheduled release date of September 5, 2008. (Id.). However, because Plaintiff did not have an approved address as of the scheduled release date, Plaintiff was not released. (Id.). Plaintiff claims that he has sought guidance from the Defendants as to how to proceed so that he could be released, but has not received any assistance. (Id.).

Accordingly, Plaintiff claims that the Defendants' inaction is in violation of his "4th, 8th and 14th constitutional rights for due process and Negaligence [sic]." (Compl. at ¶ III). As a result, Plaintiff seeks $10 million for his claimed emotional and psychological stresses and mental anguish as well as to compensate him for "the amount of time spent confined pass [sic] plaintiff's release date. . . ." (Compl. at ¶ V).

DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action

without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application Of The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A (a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the

proceeding, the Court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in the Complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010).

Here, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) and 28 U.S.C. § 1915A(b)(1)-(2) because it seeks monetary relief against defendants who are immune from such relief and fails to state a claim upon which relief may be granted.

A. Immunity

1. Eleventh Amendment Immunity

Plaintiff names as defendants the New York State Division of Parole's Regional Director of Hudson Valley Region #3, the Director of Upstate Long Island Field Operations and the Commissioner as well as two individual New York State parole officers. Plaintiff has not designated whether he seeks to sue these individuals in their official or personal capacities. Given the nature of the allegations, it appears that Plaintiff intended to sue them in their official capacities and, as such, they are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89-98-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Central

School Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999)). As an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole is immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Stone v. New York City Dept. of Homeless Servs., 159 Fed. Appx. 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment.); Garcia v. Division of Parole Executive Dept., 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies such as the Division of Parole "are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.'") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n. 1 (2d Cir. 1991)). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993).

Similarly, Plaintiff's claims for money damages against the state employees sued in their official capacities are barred by the Eleventh Amendment. Graham, 473 U.S. at 165-167, and n. 14, 105 S. Ct. at 3104-3106, and n. 14, 87 L. Ed. 2d 114 (suit for

damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 Fed. Appx. 434, 437 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). As such, Plaintiff's claims against the defendants sued in their official capacities are barred by the Eleventh Amendment to the Constitution, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997), and are dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).[1]

2. <u>Absolute Immunity</u>

The Second Circuit has long held that "parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999). Plaintiff appears to allege, though far from clear, that defendant Smith and perhaps unnamed defendant "Sr. Field Parole Officer" determined that Plaintiff would not be released on his scheduled release date

---

[1] The Court notes that the Plaintiff's Section 1983 claims against the Defendants in their official capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

6

because he failed to provide an approved address. Accordingly, although these Defendants were not "deciding whether to grant, deny or revoke parole," as were the defendants in <u>Montero</u>, it appears that they were nonetheless acting in a "quasi-adjudicative" capacity in determining whether Plaintiff satisfied the conditions for release. Thus, even if the determination made by these defendants was erroneous, they are still absolutely immune from Plaintiff's § 1983 claim for damages. <u>See</u> <u>id.</u> at 761 ("absolute immunity applies to a judicial function, like revoking parole, even where such action 'was in error' or 'was done maliciously.'").

B. <u>Section 1983</u>

Affording Plaintiff's Complaint a liberal construction as the Court is required to do, the Court next considers whether Plaintiff has a plausible Section 1983 claim against any of the defendants in their individual capacities. For the reasons that follow, the Court finds that he does not.

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2)

7

the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RMM) (ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority,'. . . ."

8

Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

Here, although Plaintiff names as defendants the Regional Director of Hudson Valley Region #3, the Director of Upstate Long Island Field Operations, and the Commissioner of the New York State Division of Parole, the Complaint is wholly devoid of any allegations of personal involvement by any of these defendants with regard to the conduct underlying Plaintiff's Section 1983 claim.

Accordingly, Plaintiff's Section 1983 claim against these Defendants, as pled, is implausible and is dismissed.

1. Due Process

Even if Plaintiff had properly alleged the personal involvement of these defendants, his claims would be dismissed for the additional reason that he has no constitutional right to parole. Accordingly, his Section 1983 is implausible and is dismissed with prejudice.

It is well-established that prisoners do not have a constitutional right to parole. See, e.g., Villalobos New York State Division of Parole, No. 09-CV-8431 (WHP), 2010 WL 3528926, *3 (S.D.N.Y. Aug. 23, 2010) (citing Greenholtz v. Inmates of Neb.

Penal & Corr. Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979); Mathie v. Dennison, No. 06-CV-3184 (GEL), 2007 WL 2351072, at *6 (S.D.N.Y. Aug. 16, 2007) ("It is axiomatic that a prisoner does not have a constitutional right to parole.")). "Where a state has created a statutory scheme for parole, the Due Process Clause protects prisoners insofar as they 'have a legitimate expectancy of release that is grounded in the state's statutory scheme.'" Villalobos, 2010 WL 3528926, at *3 (quoting Barna v. Travis, 239 F.3d 169, 170-72 (2d Cir. 2001) (per curiam) (citing Greenholtz, 442 U.S. at 11-13)). "New York's parole scheme 'is not one that creates in any prisoner a legitimate expectancy of release.'" Villalobos, 2010 WL 3528926, at *3 (quoting Barna, 239 F.3d at 171).

The law in New York State is clear that there is no due process right or protected liberty interest in parole. Russo v. New York State Board of Parole, 50 N.Y.2d 69, 73 (1980); see also Marvin v. Goord, 255 F.3d 40, 44 (2d Cir. 2001) (affirming the district court's dismissal of plaintiff's due process claim challenging a parole process on the ground that New York State's parole scheme does not create a protectable liberty interest); Barna, 239 F.3d at 171 ("plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable"). Accordingly, given that Plaintiff has no liberty interest in parole, his due process claim is implausible and is

dismissed with prejudice.

### 3. Remaining State Law Claim

Given the dismissal of the federal claims, the Court declines to exercise supplemental jurisdiction over his state law claim. Wolman v. Catholic Health System of Long Island, No. CV 10-1326 (JS)(ETB), 2010 WL 5491182, *7 (E.D.N.Y. Dec. 30, 2010). "Under Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), a federal court should generally decline to exercise supplemental jurisdiction over state law claims if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's federal claims are dismissed in the litigation's 'early stages.'" Wolman, 2010 WL 5491182, at *7 (citing 28 U.S.C. § 1367(c)(3)). For the reasons set forth above, the Court has dismissed all of Plaintiff's federal claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim, and DISMISSES it WITHOUT PREJUDICE on this basis. See Carnegie-Mellon University, 484 U.S. at 350. And, because it dismisses under Carngie-Mellon University, it does not opine regarding whether Plaintiff's state law claim is otherwise properly pled.

### CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is GRANTED, but the

Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE with regard to Plaintiff's federal claims and without prejudice to his state law claim. Plaintiff may pursue his state law claims in state court.

The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order, together with Plaintiff's authorization, to the Superintendent of the facility in which Plaintiff is incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the <u>pro se</u> Plaintiff at his last known address, <u>see</u> Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January 21, 2011
         Central Islip, New York